Please the court. My name is David Reagan. I'm counsel for appellate petitioner Bruce Armstrong. This habeas corpus matter. Mr. Armstrong is asking the court to remand for an evidentiary hearing to determine the extent of the juror bias. The basis for this juror bias claim is that one of the jurors was friends on Facebook with a district attorney who had not only made appearances in the case at bar, including an offer that was the most serious offer in the case. So numerous appearances and an offer prior to trial before her retirement date, and had also prosecuted petitioner strike prior. Which was the same complaining witness as the case at bar. At the time of the this Facebook relationship. We don't really know that much about it. But that's why we're asking for an evidentiary hearing in this case. Because it does appear that it could have been very close. Let me ask you this about about Facebook relationship. You know, I guess there are friends and there are friends. I mean, guys, there are friends and true friends, right? Right. What do we what do we know about? We just know there are friends on Facebook? Is that it? Well, there were friends on Facebook. And there were also friends on the social network application Pinterest. But I don't know if they qualify it as friends on that. But there she was a follower of the former district attorney on Pinterest. So that's now two social networks at which they are connected. And at the time that the former prosecutor first joined Facebook, they she only had 74 friends. So this is one of 74 people. And the important part about Facebook is that there's a feed associated with Facebook, there are posts associated with Facebook. And in these people express their opinions on certain things. Now take for instance, the case at bar. Do we know whether the former prosecutor ever talked about this case in her feed? No, we don't. Your Honor, that's true. But there's just as, as high of a chance as the prosecutor having discussed some of these topics on Facebook, as there is not. And the fact that we don't know is an issue why this evidentiary hearing is so important. For instance, in Smith versus Phillips, the one of the jurors applied to work for the district attorney office. Now, the person could have applied to work for the public defender office, they could have applied to work for law firms, they could have been sending out a great deal of on his face clear exactly the motivation for that or how much they associated potential favor for the prosecutor's office. Nonetheless, in Smith versus Phillips, they still held that evidentiary hearing to determine the extent of the bias and the reasoning behind that person's application, which could have potentially had an effect on their determination of the importance of determining whether there is bias. And that is what the Supreme Court has held over and over again, when there is this type of an allegation of juror bias, that strikes to the heart of the fairness in the jury trial. Can you address on that point, our prior decision and Tracy, because I guess I read that decision as largely dooming your argument here, because it interpreted Smith and Remmer for purposes of 2254 D, and said that neither of those cases establishes the kind of broad entitlement to a hearing that you seem to be contending for here. So maybe you could address that case. You're reading of the majority opinion. It's a fair, it's a fair interpretation of the majority opinion, I would argue that the majority opinion in that case was wrong. And I cited the dissent in my reply brief, which very accurately describes what the actual holdings of Smith and Remmer describe as the duty upon an allegation of juror partiality. And that duty is not that they may hold a hearing. Now, I'm not disagreeing that when there's a complete paucity of information, that the juror was partial, perhaps the record could resolve without an evidentiary hearing. However, upon a colorable claim of juror bias, which a case like this would present because of the close relationship with this prosecutor with the case, then a hearing is still required. It's not a may upon a colorable claim. Doesn't it matter? Why doesn't it matter that the prosecutor had retired? Like what stake does the prosecutor have anymore in this case, such that it would translate even if they were close friends, that the friend would somehow care about a stake that the prosecutor no longer has? Well, illustrative of the issues this could pose is that the prosecutor, the actual prosecutor of this case at trial posted on Facebook, that I spent the day keeping my 13 year old star witness from being kidnapped at the same day that I got the prosecutor of the year award. What a day. Okay, they posted that on Facebook. Now, it wasn't a reversible issue on appeal because they did hold a hearing on it and there was no evidence, the defense didn't present any evidence that any of the jurors saw it. But that's the type of thing that a prosecutor can post. And so in the past, if this prosecutor had on social media, that said, you know, after an article or some other issue that, that was very favorable to the prosecution, then this person that was their friends on social media would be reading this and saying, Okay, this is my friend, this is their viewpoint. And now I'm starting to understand that. And that's why it's a standard question during voir dire, whether a person is friends with law enforcement, whether a person knows any district attorneys, even whether they might know a judge or a defense attorney, because knowledge of the perspective of that person, which may not be the perspective of impartiality, that we asked the juror to come to the courtroom with, can have a negative effect on their deliberations and can result in a dismissal for cause, or even just a dismissal at the outset, if they had been accurate at voir dire, with their knowledge of the people involved in the case. It seems to me the problem here for you is that this, for whatever reason, in this case, the perspective jurors were not asked whether they were friends with any district attorneys, the court had defined law enforcement in a narrow way that excluded DAs. And so I guess I would, I would say you'd have a lot more to stand on if the juror had, had answered the question, untruthfully, but I don't think there's any suggestion that that's true here, right? The court could have been more specific in their question. But there, the way that it was phrased, which is, do you know any of the attorneys or their associates in the law business was sufficient notice for this person to disclose that they did know the person who was essentially their associate in the law business and associate of the district attorney. But because they were retired, it's ambiguous, right? Because this person was now retired, there is also an honest interpretation that would say, No, I don't know anyone they work with right now. Yes, I would say that that would be technically a correct response, it would certainly go against the spirit of voir dire and the effect that is trying to be accomplished by voir dire and the general thrust of the questions which goes through all of these lists of people, law enforcement, which could also, presumably, include district attorney and what maybe district attorney is retired, but if you know, a retired police officer, most people would still consider disclosing that if they are asked if they know someone in law enforcement. So that there is a very specific, but that's not the only being potentially untruthful on voir dire isn't the only way that this case requires an evidentiary hearing, because even just an allegation of partiality of colorable claim of juror bias, it does require the hearing under Smith and Remmer. And that would be the relief we're requesting in this case. Let me just ask you one procedural question. Did the California Supreme Court decide this juror bias claim on the merits or the procedurally are on procedural bar? It did, Your Honor, it decided it on the merits because it was clear from the Court of Appeal order that the court did not deny it on procedural grounds in the Court of Appeal, the Court of Appeal asked for briefings on the jurors bias matter did not even ask necessarily for briefing on the procedural aspect of it. And the Supreme Court was well aware of that looking at the docket. So there was no need for them. They did not add any information that it was denied on procedural grounds. They did specifically note the ineffective assistance counsel, but that was because there was no clarification that that had been considered on the merits of the Court of Appeal. So it would have been essentially unnecessary bookwork for them to include any other notation in their order. Okay. Okay, let's hear from the let's hear from the state. Good morning, may it please the court, Justin Riley on behalf of the appellee. It is the appellee's position that the California Supreme Court denied this on the merits as well. Appellant asked this court to find that the state court unreasonably denied relief by citing to a colorable claim of juror bias standard. That standard was created by this court in Dyer versus Calderon. It was a non-ADPA case. They were not recognizing the holdings of clearly established Supreme Court precedent. And to hold the state court to a circuit created rule to garner relief in a habeas case is I'd like to, I can answer more questions about the standard of review, but I'd like to just briefly go into why it was denied relief under any standard. The juror, mid-trial, I'm sorry, let me back up. During voir dire, the juror promised to be fair and impartial and to decide the case on the facts before that juror. To prove that the juror was somehow mistaken or biased and couldn't permissibly make that evidence of that. And the evidence of Facebook caused the state court to receive more evidence and argument on collateral review. They didn't hold a hearing, but they took evidence and the evidence they had before them was this. The juror forthrightly alerted the judge mid-trial to another relationship, albeit a tangential of a mild acquaintance. And then the juror denied through silence, knowing anyone or their attorneys or law enforcement and the declaration by the district attorney's office showed that the former deputy was no longer employed at that office. So applying those facts to the law in a tampering context, there was no evidence of tampering. Applying Smith, there was no connection to the government and applying McDonough, there was no inaccurate voir dire response. And there was no indication from the Facebook printouts that petitioner could ever prove those crucial elements to relief. And so it was reasonable for the state court to deny relief on the evidence it took on collateral review and the trial record. So your opposing counsel suggests that we really should know what was in this prosecutor's feed that this juror would have read. Why isn't that something that a hearing should have investigated? There is always more to know. We might always like to know more about a juror's background. Voir dire is sometimes very thorough, but there is always something that we would like to delve into. And the juror answered that they were not closely acquainted with anybody from law enforcement, given the definition of law enforcement. Simply finding a Facebook connection is not enough to go looking for more because it's are you sure we go back to the juror and we say, I know you answered that you're not close friends with anybody from law enforcement, we found this Facebook connection. Are you sure? There's always going to be that possibility. The standard has to be something higher than that. And here the state court allowed the parties to develop the evidence petitioner simply couldn't find anymore. And, and, and based on that evidence, the there was no way that petitioner was going to meet the crucial elements of Remmer, Smith, or McDonough. Are there any other questions? I'd like to submit it. Thank you. Okay. You got a little bit of time for rebuttal. No, no, it's actually over. I'll give you a minute for rebuttal. You're beyond your time. But you can have one minute. Your Honor. What I would say about this case is it's more than a Facebook connection, because it's it's really unique, the level of connection between this district attorney and the person, the juror, it's not that a person knew the district attorney, it's not this district attorney was entwined with the case, right? Any passing moment, I've had a hard day at work, because I just, I just convicted a spousal abuser, right? That goes to commentary that potentially could have been directly against my client communications about that case. And this evidentiary hearing would be an opportunity to, to clarify that they didn't talk about cases. They didn't have any discussion, they didn't have any prejudice based on their their friendship with the person who had prosecuted my client. So that seems like justice would be served. Okay, that information, your time is up. Thank you very much. We appreciate your arguments this morning and the matters submitted at this time.
judges: PAEZ, WATFORD, FRIEDLAND